Barry v. Holder

BIA
A094 816 675

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of October, two thousand twelve.

PRESENT:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
>   *Circuit Judges*.

_____

IBRAHIMA BARRY,
>   *Petitioner*,

>   v.                                    11-3482
>                                         NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>   *Respondent*.

_____

FOR PETITIONER:     Theodore Vialet, New York, New York.

FOR RESPONDENT:     Stuart F. Delery, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director; Ashley Martin, Trial Attorney; Katelin Buell, Law Clerk, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ibrahima Barry, a native and citizen of Guinea, seeks review of an August 1, 2011, order of the BIA denying Barry's motion to reopen his immigration proceedings. *In re Ibrahima Barry*, No. A094 816 675 (B.I.A. Aug. 1, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "'disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). "To prevail on [a] motion [to reopen], the movant must . . . establish *prima facie* eligibility for asylum, *i.e.,* a realistic chance that he will be able to establish eligibility." *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005) (internal quotation marks omitted). "This requires the alien to carry the 'heavy burden' of demonstrating that the proffered new evidence would likely alter the result in her case." *Jian*

*Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (quoting *Abudu,* 485 U.S. at 110).

Barry argues that the medical records he submitted in support of his motion to reopen demonstrate that he suffered past persecution in Guinea. However, the BIA reasonably determined that this evidence would not likely alter the outcome of Barry's case, as the medical records were not consistent with Barry's testimony during his merits hearing, but, rather, described a later attack and beating that he did not mention during his merits hearing. Given these inconsistencies, the BIA did not abuse its discretion in determining that the medical records would not likely alter the outcome of Barry's proceedings. *Id.*

The BIA also reasonably concluded that the death certificate of Barry's half-brother was not likely to alter the outcome of his proceedings. Although the death certificate reflected that Barry's half-brother had died as a result of a wound from a firearm, it did not describe the circumstances surrounding his death. Accordingly, the death certificate was not persuasive evidence that Barry either suffered past persecution in Guinea, or that he would suffer persecution there based on his political opinions.

3

Although the BIA did not directly address evidence that Barry feared future persecution in Guinea based on his Peuhl ethnicity and his participation in pro-democracy activities in the United States, we decline to remand this case to the BIA. Barry fails to establish that the evidence in support of his claim of future persecution was "material" and "was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). The letter supporting Barry's claim that he participates in pro-democracy activities in the United States reflects that he has been a member of the Union for the Development of the Fouta Djallon since 2007 – nearly two years prior to his April 2009 merits hearing. Barry does not explain how evidence of his political activities in the United States was unavailable at the time of that hearing. The various news articles about mistreatment of Peuhl people fail to establish a "pattern or practice" of persecution. 8 C.F.R. § 208.13(b)(2)(iii). Accordingly, the record establishes that Barry failed to satisfy the requirements for reopening, and we "can predict with confidence that the agency would reach the same result" even if it considered Barry's evidence regarding his ethnicity and his political

4

activities in the United States. *Xiao Kui Lin v. Mukasey,* 553 F.3d 217, 222 (2d Cir. 2009).

For the foregoing reasons, the petition for review is DENIED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk